UNITED STATES of America,
Plaintiff,

v.

Thomas APICELLA, individually and t/a
Fast Trucking Company, Defendant.

Civ. A. No. 649–53.

United States District Court
D. New Jersey.

Feb. 20, 1957.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., for plaintiff, by Barbara Morris, Asst. U. S. Atty., Newark, N. J.

Kristeller, Zucker, Lowenstein & Cohen, Newark, N. J., for defendant, by Saul J. Zucker, Newark N. J.

MODARELLI, District Judge.

Defendant moves to dismiss this action, relying upon an order of the United States Court of Appeals for the Third Circuit entered on January 7, 1957. The order vacated this court's judgment of March 16, 1956, based on a special jury verdict in favor of the Government. The cause was remanded to this court "to take such further proceedings as it may deem appropriate in the light of the opinion by the Supreme Court of the United States in United States v. Western Pacific Railroad Company, No. 18, October Term, 1956 [352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126]."

The issue now before the court is whether this action should be dismissed or retained while the dual matters of reasonableness of rate and construction of tariffs are referred to the I.C.C. After briefing United States v. Western Pacific Railroad Company, 1956, 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126, as well as reading every case cited therein, I conclude I am required to dismiss. The

reasons for this conclusion are as follows:

1. The very language of the Supreme Court in the Western Pacific case is imperative in its effect. It held that as to question of tariff construction and reasonableness of rate as applied, that question "was within the *exclusive primary jurisdiction* of the Interstate Commerce Commission." 352 U.S. 59, 63, 77 S.Ct. 161, 165. (Emphasis supplied.) The word exclusive means "shut out," "debarring from participation." Black's Law Dictionary notes, "These words preclude the idea of co-existence, and mean possessed to the exclusion of others." It is an elementary principle of administrative law that a court will not grant relief, at least in the first instance, if an adequate administrative remedy is available. It is fundamental to federal regulatory legislation that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 463, 82 L.Ed. 638. This principle is particularly relevant to rate regulation. Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 1913, 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472; Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 1907, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553. So in the case at bar, the Interstate Commerce Commission provides administrative remedies.

It is undisputed that no court may determine tariff rates. That being so, there is only one other possible ground of jurisdiction for this court, to wit, to construe rates. But the Supreme Court has said the Interstate Commerce Commission has preempted that field as well when, as here, such questions are intertwined with rate-making matters. Consequently, there is no right which can be saved by retaining the cause and making a referral.

2. The holdings of cases cited by the Supreme Court in the Western Pacific case, excerpted as follows:

(a) Mr. Justice Brandeis noted in Great Northern R. Co. v. Merchants Elevator Co., 1922, 259 U.S. 285, 295, 42 S.Ct. 477, 66 L.Ed. 943, that where the question presented either was one of fact or called for the exercise of administrative discretion, the courts in the following cases *refused to take jurisdiction* because there had not been preliminary resort to the Interstate Commerce Commission: Texas & Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553; Baltimore & Ohio R. Co. v. U. S. of America ex rel. Pitcairn Coal Co., 215 U.S. 481, 30 S.Ct. 164, 54 L.Ed. 292; Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472; Morrisdale Coal Co. v. Pennsylvania R. Co., 230 U.S. 304, 33 S.Ct. 938, 57 L.Ed. 1494; Northern Pacific Ry. Co. v. Solum, 247 U.S. 477, 483, 38 S.Ct. 550, 62 L.Ed. 1221; Director General of Railroads v. Viscose Co., 254 U.S. 498, 41 S.Ct. 151, 65 L.Ed. 372. See also United States v. Pacific & Arctic Ry. & Nav. Co., 228 U.S. 87, 33 S.Ct. 443, 57 L.Ed. 742.

(b) The general rule, as it was called, was set forth in Texas & Pacific Ry. Co. v. American Tie & Timber Co., 1914, 234 U.S. 138, 34 S.Ct. 885, 58 L.Ed. 1255:

"Indeed, we think it is indisputable that that subject is directly controlled by the authorities which establish that for the preservation of the uniformity which it was the purpose of the act to regulate commerce to secure, the courts may not, as an original question, exert authority over subjects which primarily come within the jurisdiction of the Commission. * * *." 234 U.S. at page 146, 34 S.Ct. at page 888.

"It results that error was committed by the court in declining to sustain the motion to dismiss for want of jurisdiction and therefore it is our duty to reverse." 234 U.S. at page 149, 34 S.Ct. at page 889.

(c) "But it has been established doctrine since this Court's holding in Texas

& Pacific Ry. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, that a shipper *cannot file* a § 9 [49 U.S.C.A. § 9] proceeding in a district court where his claim for damages necessarily involves a question of 'reasonableness' calling for exercise of the Commission's primary jurisdiction." (Emphasis supplied.) So spoke the Supreme Court in its landmark decision, United States v. Interstate Commerce Commission, 1949, 337 U.S. 426, 437, 69 S.Ct. 1410, 1417, 93 L.Ed. 1451.

(d) In Far Eastern Conference v. United States, 1952, 342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576, the Court considered an action involving the Federal Maritime Board. The Court held the complaint should be dismissed and not held in abeyance by the District Court.

(e) Morrisdale Coal Co. v. Pennsylvania R. Co., 1913, 230 U.S. 304, 314–315, 33 S.Ct. 938, 941, 57 L.Ed. 1494. Where an administrative question must be decided by the Interstate Commerce Commission, that is a preliminary to the right to maintain suit in the District Court. "The circuit court rightly held that until this was done it had no jurisdiction as a Federal court of the cause of action sought to be enforced."

(f) The case of Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 1951, 341 U.S. 246, 71 S.Ct. 692, 95 L.Ed. 912, is very instructive. There, the petitioner was confronted with the problem of how to bottom his action in order to enable the jurisdiction of the district court to attach. The Supreme Court noted as to the case:

"* * * But if it arises from being charged rates in excess of those permitted by the Power Act [16 U.S.C.A. § 791a et seq.] it is confronted with the exclusive powers of the Commission to determine what those rates are to be. * * *

"* * * It is admitted, however, that a utility could not institute a suit in a federal court to recover a portion of past rates which it simply alleges were unreasonable. It would be out of court for failure to exhaust administrative remedies, for, at any time in the past, it could have applied for and secured a review and, perhaps, a reduction of the rates by the [Federal Power] Commission. * * *." 341 U.S. at page 250, 71 S.Ct. at page 694.

And as to the question of dismissal, the Court continued:

"It is true that in some cases the Court has directed lower federal courts to stay their hands pending reference to an administrative body of a subsidiary question. [Citing cases] But in all those cases the plaintiff below concededly stated a federally cognizable cause of action, to which the referred issue was subsidiary. In no instance have we directed a court to retain a case [involving questions for administrative resolution] in which it [the court] could not determine a single one of its vital issues. * * *." 341 U.S. at pages 253, 254, 71 S.Ct. at page 696.

Interpolating this to the case at bar, the issue of reasonableness of the rates is not one clearly severable from the issue of liability for the alleged overcharges. It is obvious that there would be no overcharge if the Interstate Commerce Commission found that the first-class rate was properly applied to the carriage of the bombs in question.

Unlike United States v. Kansas City Southern Ry. Co., 8 Cir., 1955, 217 F.2d 763, in the case at bar there are no non-referrable issues for the court to retain. Inasmuch as the instant case involves issues which a federal court may not decide, it must decline jurisdiction and dismiss.

In conclusion, it appears that the Government's effort to have this court retain the action is based upon a fear generated by one sentence in the Western Pacific case. That sentence is as follows: "We may assume, without deciding, that the Government would have been barred by § 16(3) [49 U.S.C.A. § 16(3)] from filing an affirmative suit before the Commission to recover overcharges from

a carrier." 352 U.S. at page 71, 77 S.Ct. at page 169. In short, the United States realizes that the statutory limitation on bringing a complaint to the Interstate Commerce Commission would bar recourse to that body. But this is no reason for this court to retain a cause over which it has no jurisdiction in the first place.

The motion to dismiss is granted.

An order may be submitted in conformity with the opinion herein expressed.